In re SOUTHERN AIR TRANSPORT, INC., Debtor.

Southern Air Transport, Inc., Plaintiff,

v.

B & H Worldwide, Inc., Defendant.

Bankruptcy No. 98–59460.

Adversary No. 00–0299.

United States Bankruptcy Court,
S.D. Ohio,
Eastern Division.

Nov. 21, 2001.

Nick V. Cavalieri, Timothy A. Riedel, Paula S. Gluntz, Arter & Hadden, LLP, Columbus, Ohio, for Official Unsecured Creditors Committee.

Richard J. Welt, Columbus, Ohio, for defendant.

*ORDER ON SUPPLEMENTAL MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT*

DONALD E. CALHOUN, Jr., Bankruptcy Judge.

Pursuant to the Order on Motion for Leave to File Amended Complaint entered on September 13, 2001 ("September 13th Order"), Plaintiff filed its Supplemental

Memorandum In Support of Plaintiff's Motion for Leave to File First Amended Complaint ("Supplemental Memo"). Pursuant to the September 13th Order, Defendant also filed its Response to Supplemental Memo ("Response").

### Jurisdiction

This Court is vested with jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b) and the General Order of Reference entered in this district. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (B), (C), (F) and (O).

### Case History

On September 21, 2000, the Committee filed a Complaint to Avoid and Recover Preferential Transfers, naming B & H Worldwide, Inc. a corporate entity of the United Kingdom, as a defendant. The Certificate of Service contained in the Summons filed by the Committee on January 18, 2001, stated that "service of this summons and a copy of the complaint was made 01–18–2001 by: mail service: regular, first class United States mail, postage fully prepaid, addressed to: B & H Worldwide, Inc., 2284–86 NW 82nd Avenue, Miami, Florida 33122." The Committee served the complaint and summons approximately 119 days after the filing of the complaint.

On February 15, 2001, B & H Worldwide, Inc. filed its Answer. Among other affirmative defenses raised in the answer, B & H Worldwide, Inc. stated that the alleged preferential transfers "were made to and for the benefit of B & H Speedmail Ltd., trading as B & H Worldwide, a United Kingdom Limited Company, and not to or for the benefit of Defendant, B & H Worldwide, Inc., a Delaware Corporation." Attached to the answer were copies of Southern Air Transport, Inc. checks made payable to B & H Worldwide. The checks were made payable and delivered to B & H Worldwide at a specific address in Middlesex, Great Britain.

On April 18, 2001, this matter came before this Court for a pretrial conference. The issue concerning the affirmative defense raised by B & H Worldwide, Inc. was recognized within the pretrial statements filed and statements by counsel during the pretrial conference. On June 4, 2001, the Committee filed its Motion for Leave to File First Amended Complaint ("Motion"). In the Motion, the Committee asserted that based upon the affirmative defense, it should be allowed to amend the Complaint to ensure that all appropriate parties would be included in the action. It further asserted that the Motion was being made in good faith and not with any purpose to delay the proceedings.

On June 13, 2001, B & H Worldwide, Inc. filed its Memo Contra. In the Memo Contra, B & H Worldwide, Inc. asserted that any proposed addition of a party would be a futile amendment. Under § 546(a) of the Bankruptcy Code, the time to file an action expired two years from the October 1, 1998 entry of the order of relief. B & H Worldwide, Inc. also asserted that the delay involved could not be justified. Southern Air Transport, Inc. made its checks payable to B & H Worldwide and sent them directly to Great Britain. Prior to filing the adversary proceeding, counsel for the Committee sent a demand letter for disgorgement of the alleged preference payment(s). The Committee sent that demand letter to B & H Worldwide in Great Britain. Based upon the foregoing, B & H Worldwide, Inc. asserted that it would be unduly prejudiced if the Committee was allowed to amend its complaint to add parties.

On June 25, 2001, the Committee filed its Reply. In the Reply, the Committee asserted that even if the statute of limitations had passed, the amendment should

relate back to the date of the original complaint. The Committee asserted that the amended complaint would be filed against affiliated entities of B & H Worldwide, Inc. that share common ownership, officers, and directors. These affiliated entities would know or should know of the adversary proceeding. Therefore, the Committee asserted that allowing it leave to file the amended complaint would be proper.

The Court reviewed these arguments and issued its September 13th Order. In that September 13th Order, the Court stated that it was unable to determine if the Committee's proposed amended complaint adding additional appropriate party(ies) would satisfy the Notice requirements of Rule 15(c). The Court found that undue delay existed. However, delay in itself was not sufficient to deny Plaintiff's Motion. The Court further found that the Committee had failed to identify the entity(ies) that it would be adding as appropriate party(ies) in the proposed amended complaint. In order to determine if the notice requirements of Rule 15(c)(3) could be met, the Court ordered that the Committee file a supplemental memorandum identifying the appropriate party(ies) to be included.

On September 21, 2001, the Committee filed its Supplemental Memo stating that the amended complaint would include the named defendant along with the following additional defendants: B & H Worldwide (Holdings) Ltd., B & H Worldwide Ltd. pka B & H Speedmail Ltd., and B & H Speedmail Ltd. pka B & H Worldwide Ltd. T/A B & H Worldwide. Within the Supplemental Memo, the Committee argues that the parent corporation, B & H Worldwide, Inc., so controls the activities of its subsidiaries that separateness has ceased and alter ego jurisdiction is asserted. B & H Worldwide, Inc. as a corporation has such control over its subsidiaries that service in Miami, Florida as to B & H Worldwide, Inc. is proper. The Committee further argues that the additional parties to be named to the complaint are subsidiaries that are so interrelated and under common control that they knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been made against them. Due to this close relationship, the Committee argues that service on B & H Worldwide, Inc. in Miami, Florida "had the effect of service on all B & H Parties." Supplemental Memo at p. 3.

On October 4, 2001, B & H Worldwide, Inc. filed its Response. B & H Worldwide, Inc. argues that the crux of the issue is whether or not the amended complaint sought to be filed would be futile. B & H Worldwide, Inc. takes the position that the added defendants would have available defenses such as statute of limitations and choice of laws rendering the amended complaint futile. The additional parties were not included in the original complaint and did not receive actual or imputed notice of the proceeding pursuant to the requirements of Rule 15(c) of the Federal Rules of Civil Procedure.[1] Due to this failure, B & H Worldwide, Inc. argues that the amended complaint adding parties should not be allowed.

### Conclusions of Law

Section (c) of Rule 15 of the Federal Rules of Civil Procedure sets the standard for making a determination if a proposed

---

1. B & H Worldwide, Inc. in support of its Response provided an intercompany mail receipt showing that the initial complaint was received on January 24, 2001. The Commit-tee did not contradict that date as being the date when the initial complaint was delivered. January 24, 2001 is more than 120 days from the filing of the complaint.

amended complaint can relate back. Rule 15(c) states, in relevant part, as follows:

(c) Relation Back of Amendments. An amendment of a pleading relates back to the date of the original pleading when

(1) relation back is permitted by the law that provides the statute of limitations applicable to the action, or

(2) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, or

(3) the amendment changes the party or the naming of the party against whom a claim is asserted if the foregoing provision (2) is satisfied and, within the period provided by Rule 4(m) for service of the summons and complaint, the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

As stated in the September 13th Order, the linchpin of this consideration is notice. *See, e.g., Schiavone v. Fortune,* 477 U.S. 21, 31, 106 S.Ct. 2379, 91 L.Ed.2d 18 (1986). In this case, service of the initial complaint was made by first-class mail upon B & H Worldwide, Inc. in Miami, Florida. The complaint was not delivered until January 24, 2001, more than 120 days after the filing of the complaint. The additional B & H parties sought to be added to the action through the amended complaint did not receive their notice as required within the 120–day time period provided for in Rule 4(m) of the Federal Rules of Civil Procedure. Therefore, this Court finds that undue delay exists and that the requirements of Rule 15(c)(3) of the Federal Rules of Civil Procedure have not been met. Accordingly, it is hereby

ORDERED that the Plaintiff's Motion for Leave to File First Amended Complaint is DENIED.

IT IS SO ORDERED.